RECEIVED
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

★ NOV 2 1 2002 ★
ENTERED
★————★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X   Index No_____

Paolo Rizzo,

              Plaintiff,       CIVIL ACTION UNDER
                                  42 U.S.C. 1983

    -against-

                                    **CV 02 6164**

COUNTY OF NASSAU, MICHAEL    COMPLAINT·
ARIPAI, John/Jane Doe Police Officers
Employed by County of Nassau &
Subject to Discovery,                 Plaintiff Demands Jury Trial

            Defendants.                 **WEXLER, J.**
-------------------------------------------------------X

            *CIVIL COMPLAINT*       **ORENSTEIN, M.**

Plaintiff, by his attorney, Richard J. Merritt, respectfully alleges:

**NATURE OF THE ACTION**

1.      This is an action for deprivation, by defendants while acting under color of State Law, Custom, statute, or regulation, of plaintiff's rights, privileges and immunities as guaranteed under the United States Constitution. Plaintiff is claiming violation of his First, Fourth, Fifth, Sixth and Fourteenth Amendment Constitutional rights proximately caused by the conduct of defendant, Michael Aripai & John/Jane Doe Police Officers employed by the County of Nassau.

2. Plaintiff seeks remedy under 42 U.S.C. Section 1983 for damages he sustained when police officer Michael Aripai with other police officers, broke into his home on March 26, 2002, assaulted plaintiff and his guests, removed personal possessions from the home, arrested plaintiff under false pretenses and forced plaintiff to be incarcerated without reasonable cause to believe plaintiff had committed a crime.

3. That a proper notice of claim was filed with the County of Nassau on May 8, 2002 and a full and fair opportunity to investigate the alleged matters and to settle the claims was afforded defendants by plaintiff but they have refused.

4. Plaintiff asserts common law claims against defendants for the larceny of his personal possession and assault upon him.

## JURISDICTION

5. This Court has jurisdiction of the subject matter under 28 U.S.C. 1331, 1343. There is supplemental jurisdiction as to the claims based upon state law pursuant to 28 U.S.C. 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391.

## THE PARTIES

7. Plaintiff is citizen of the United States of America who suffered injuries by the acts and actions of defendants. Plaintiff is a resident of the State of New York, County of Nassau.

8. Defendant, County of Nassau, is a municipality duly organized under the laws of the State of New York with office located at One West Street, Mineola, New York.

9. Defendant, Michael Aripai along with John/Jane Doe defendants are police officer employed by defendant, County of Nassau and, upon information and belief,

reside in the County of Nassau and works in the County of Nassau, State of New York.

## FACTS

10. On March 26, 2002, at approximately 8:00 pm, P.O. Aripai came to the home of plaintiff located at 1450 Beech St., Atlantic Beach, New York. After being refused entry into the home, P.O. Aripai forced his way through the front door. While brandishing a club and yelling at the occupants of the home, he immediately began assaulting plaintiff and his guests.

11. When plaintiff asked P.O. Aripai if he had a search warrant, P.O. Aripai replied: "You've been watching too much TV wise Ass".

12. Without permission to enter or to search the house, P.O. Aripai lead other police officers into the private dwelling at night and conducted a search of all of the rooms in the house.

13. After thoroughly searching every room in the house, intimidating plaintiff and plaintiff's guests and

    assaulting plaintiff's guests, P.O. Aripai ordered plaintiff to break up the gathering of friends.

14. P.O. Aripai then departed the house and upon information and belief waited somewhere on the block while plaintiff asked his guests to leave the house.

15. Approximately one hour later, P.O. Aripai returned to the dwelling, forced his way into the house a second time while using foul curse words, threatened plaintiff with arrest and told plaintiff that he was going to spend the night in jail.

16. At this time, $235.00 in cash was removed from plaintiff's hand, plaintiff was handcuffed and then pushed and shoved into a police car outside plaintiff's home.

17. Upon information and belief, even though P.O. Officer, Aripai had ample opportunity to obtain a search warrant , he neglected to obtain a search warrant before entering plaintiff's home for the second time on March 26, 2002.

18. Plaintiff was handcuffed and taken to a Nassau County Police precinct. He was not afforded the opportunity to have legal counsel, never given Miranda rights, and treated like a criminal for an extended period of time before being thrown into a holding cell.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiff incorporates by reference all of the allegations contained in paragraphs numbered 1 through 18 with the same force and effect as if set forth herein at length.

20. Though the unlawful acts and actions of defendants as aforesaid, plaintiff suffered bruises, cuts, abrasions, psychological trauma and humiliation.

21. Due demand has been made for the return of the $235.00 illegally removed from plaintiff's possession and defendants have steadfastly refused to return the money.

22. Other possessions were removed from plaintiffs home and not returned and defendants have steadfastly

refused to return the items or to compensate plaintiff for the theft of his personal possessions.

23. Upon information and belief, defendant, County of Nassau was negligent in training and supervision of defendant P.O. Aripai & John/Jane Doe Defendants and is vicariously liable for the unlawful acts and actions performed on March 26 and March 27, 2002.

24. That upon information and belief, superior officers were on duty on March 26, 2002 and were given information about the unlawful acts and actions of P.O. Aripai and did nothing to correct the situation.

25. Upon information and belief, at least three other Nassau County Police Officers accompanied P.O. Aripai on March 26, 2002 and participated in the illegal search and seizure of plaintiff's home. Participated in the unlawful arrest and participated in the violations of plaintiff's Constitutional rights.

26. That the acts and actions of defendants were accomplished pursuant to a custom, common scheme or plan and in an intentional manner under color of state laws of the State of New York.

27. That the herein stated unlawful acts and actions of defendants violated the Constitution of the United States, namely the First, Fourth, Fifth and Sixth Amendments to the Constitution.

28. Because of the malicious and intentional nature of the aforementioned acts and actions by defendants, plaintiff is entitled to recover both compensatory and punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Plaintiff incorporates by reference all of the allegations contained in paragraphs numbered 1 through 28.

30. That upon information and belief, the gathering of catholic school students at plaintiff's house on March 26, 2002 was known to defendants.

31. That upon information and belief, defendants took intentional discriminatory action against plaintiff and his guests because of their religious beliefs.

32. That by reason of the foregoing, defendants violated plaintiff's rights with regard to Freedom of Religion guaranteed by the United States Constitution.

33. That defendant's acts and actions were willful and flagrant and entitle plaintiff to both compensatory and punitive damages.

WHEREFORE, plaintiff demands judgment against defendants as follows:

On the First Cause of Action .................. $250,000.00

On the Second Cause of Action .............. $120,000.00

All together with attorney's fees, costs and expenses of this legal action.

Dated: Lindenhurst, NY
       November 21, 2002

Respectfully Submitted,

Richard J. Merritt
Attorney for Plaintiff
2 Birs Ave.
Lindenhurst, NY 11757
(631) 592-0545

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---

**PAULO RIZZO,**                        Index No. 02-

        Plaintiff,

v.

**COUNTY OF NASSAU, MICHAEL ARIPAI,**
**John/Jane Doe Police Officers Employed by**
**County of Nassau & Subject to Discovery,**

        Defendants.

---

                       Richard J. Merritt
                       Attorney for Plaintiff
                       2 Birs Ave.
                       Lindenhurst, NY 11757
                       (631) 592-0545